UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

HECKLER & KOCH, INC.,                          )
           Plaintiff,                          )
                                )
     vs.                          )           1:09-cv-0184-RLY-JMS
                                )
COHARIE ARMS, INC. and                          )
SPECIAL WEAPONS, INC.,                          )
           Defendants.                          )

**ENTRY ON DEFENDANTS' MOTION TO DISMISS COUNTS I and VI-IX**

     Defendants, Coharie Arms, Inc. ("Coharie Arms") and Special Weapons, Inc.

("SWI") (collectively "Defendants"), move to dismiss Counts I and VI-IX of Plaintiff,

Heckler & Koch, Inc.'s ("HK"), Amended Complaint.  For the reasons set forth below,

the motion is **GRANTED** in part, and **DENIED** in part.

**I.**      **Background**

     HK manufactures and sells firearms, the most famous of which is the HK MP5®.

(*See*, *e.g.*, Amended Complaint, ¶¶ 12, 17).  HK owns intellectual property rights in its

firearms products, including "federally registered trademarks, trade dress, copyrights and

patents . . . [and] common law trademark rights in the distinct shapes and features of its

firearms."  (*Id*. ¶¶ 10, 11).  HK refers to these rights in its Amended Complaint as the

"HK IP."

     Defendants are competitors of HK.  HK alleges that subsequent to the

development, use, and registration of the HK IP, "Defendants began using the HK IP or confusingly similar variations of the marks."  (*Id*. ¶ 16).  Specifically, "Defendants have manufactured, distributed, advertised and/or sold firearms which replicate the HK MP5®" without the permission of HK."  (*Id*. ¶¶ 17-18).  HK alleges that Defendants' conduct violates, *inter alia*, its intellectual property rights.

HK's Amended Complaint asserts nine causes of action, including: (1) federal trademark infringement under 15 U.S.C. § 1114(a) (Count I); federal trademark dilution under 15 U.S.C. § 1125(c) (Count II); federal false designation of origin and false advertising under 15 U.S.C. § 1125(a) (Count III); common law trademark infringement (Count IV); common law unfair competition (Count V); civil conversion under Indiana Code § 35-43-4-3 (Count VI); civil forgery under Indiana Code § 35-43-5-2(b) (Count VII); civil counterfeiting under Indiana Code 35-43-5-2(a) (Count VIII); and civil deception under Indiana Code 35-43-5-3 (Count IX).  Defendants move to dismiss only Counts I, VI-IX for failure to state a claim for which relief can be granted.

## II.   Dismissal Standard[1]

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a dismissal of a

---

[1] If an Answer is filed before a motion to dismiss, the court treats the motion as one for judgment on the pleadings.  *Schy v. Susquehanna Corp.*, 419 F.2d 1112, 1116 (7th Cir. 1970) ("A motion to dismiss made after the filing of an answer serves the same function as a motion for judgment on the pleadings and may be regarded as one.").  This is a closer call, as in this case, Defendants filed their motion to dismiss and their Answer on the same day, April 16, 2009.  At any rate, the standards for dismissal under FED. R. CIV. P. 12(c) and FED. R. CIV. P. 12(b)(6) are essentially the same, and thus, since the Answer was technically filed after the motion to dismiss, the court treats the motion as the parties do – as one to dismiss under FED. R. CIV. P. 12(b)(6).

claim for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  The purpose of Rule 12(b)(6) is to test the sufficiency of the complaint, not to rule on its merits.  *Baig v. Coca-Cola Co.*, 2009 U.S. Dist. LEXIS 44184, at *6 (N.D. Ill. May 27, 2009).  In order to survive a motion to dismiss, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  The language of Rule 12(b)(6) imposes two requirements:

> First, the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests.  Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, plaintiff pleads itself out of court.

*Id.* (citations omitted).  In analyzing a motion to dismiss, the court accepts all well-pleaded allegations as true, viewing them in the light most favorable to the non- moving party, the Defendants in this case.  *McMillian v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006).

## III.   Discussion

### A.   Count I, Federal Trademark Infringement

Count I of HK's Amended Complaint is a claim for federal trademark infringement under 15 U.S.C. § 1114 of the Lanham Act.[2]  An essential element of a

---

[2] 15 U.S.C. § 1114 states: "Any person who shall, without the consent of the registrant–(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark . . . ; or (b) reproduce, counterfeit, copy, or colorably imitate a registered mark . . . shall be liable in civil action by the *registrant* for the remedies hereinafter provided."

federal trademark claim is that the mark be registered.  *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001).

Defendants move to dismiss Count I on grounds that HK failed to specifically identify the registered trademarks and trade dress that form the basis of the allegations in Count I.  The fact that HK did not provide the Defendants with a federal trademark registration number is not fatal to HK's claim.  The pleading requirements of the federal rules do not require such specificity.  Thus, although evidence of the registration number is essential to prevail, it is not essential at the pleading stage.  *See Vincent v. City of Colls. of Chicago*, 485 F.3d 919, 924 (7th Cir. 2007) ("If registration is essential to prevail, then [Vincent] must prove it eventually, but it need not be alleged; only the claim – which is to say, enough to alert the defendant to the nature of the grievance – need be pleaded.").  Accordingly, Defendants' motion to dismiss Count I of HK's Amended Complaint is **DENIED**.

### B.     Count VI, Conversion

Count VI of HK's Amended Complaint is a claim for conversion under Indiana Code § 35-43-4-3 for the alleged conversion of HK's putative trade dress.  An essential element of a conversion claim is that the defendant takes and appropriates plaintiff's personal property for defendant's own use and benefit, in "exclusion and defiance of the owner's rights."  *Shourek v. Stirling*, 621 N.E.2d 1107, 1109 (Ind. 1993); *see also Ellington v. Gibson Piano Ventures, Inc.*, 75 U.S.P.Q.2d (BNA) 1724, 1733 (S.D. Ind. 2005).

4

Here, HK's Count VI alleges, in relevant part, that "Defendants knowingly or intentionally exerted unauthorized control over the property of HK, specifically the HK IP, owned by HK" and that they "sold items bearing the HK IP without HK's consent and in a manner or to an extent other than that to which HK had consented." (Amended Complaint ¶¶ 68-69). Significantly, HK does not allege that Defendants have taken or appropriated items bearing the HK IP for Defendants' own use and benefit and in exclusion and defiance of HK's rights. In its Amended Complaint, HK even admits that it still "maintains strict control over the quality and nature of its products and items bearing the HK IP." (*Id.* ¶ 12). Accordingly, Defendants' motion to dismiss Count VI of HK's Amended Complaint is **GRANTED**.

### C.    Count VII, Forgery, and Count VIII, Counterfeiting

Count VII of HK's Amended Complaint is a claim for forgery under Indiana Code § 35-43-5-2(b), and Count VIII of HK's Amended Complaint is a claim for counterfeiting under Indiana Code § 35-43-5-2(a). An essential element to a forgery or counterfeiting claim under Indiana Code § 35-43-5-2 is that the alleged forgery or counterfeiting involves a written instrument. The Indiana Code defines a written instrument as "a paper, document, or other instrument containing written matter and includes money, coins, tokens, stamps, seals, credit cards, badges, trademarks . . . or other objects or symbols of value, right, privilege, or identification." IND. CODE § 35-43-5-1.

Count VII alleges, in relevant part:

72.    HK incorporates by reference the allegations contained in the previous

5

paragraphs of this Complaint.

73.     Defendants, with the intent to defraud, made, uttered, and/or possessed a written instrument in such a manner that it purports to have been made by HK.

74.     Defendants were not given the authority to make or possess the infringing items by HK or anyone acting on behalf of HK.

(Amended Complaint ¶¶ 72-74).  Count VIII is virtually verbatim of Count VII, and

states, in relevant part:

76.     HK incorporates by reference the allegations contained in the previous paragraphs of this Complaint.

77.     Defendants, with the intent to defraud, made and/or uttered a written instrument in such a manner that it purports to have been made by HK.

78.     Defendants were not given the authority to make or utter the infringing items by HK or anyone acting on behalf of HK.

(*Id.* ¶¶ 76-78).

HK contends that "Defendants' replica MP5 and related advertising individually and/or collectively constitute an 'other instrument' that contains 'written matter,' specifically, HK's MP5 trademark and trade dress."  (Plaintiff's Response Brief at 8). In support of its position, HK relies upon *Jacobs v. State*, 640 N.E.2d 61, 64 (Ind. Ct. App. 1994).  In *Jacobs*, the items being sold (t-shirts imprinted with the allegedly infringed symbol) actually contained "written matter" in the form of a trademark.  Thus, the requirement of a "written matter" was satisfied by the trademark on the t-shirt and not by the physical object of the t-shirt itself, as HK asserts.  There being no alleged basis for the forgery and counterfeiting claims other than the accused firearms products' physical

6

appearances, Defendants' motion to dismiss Counts VII and VIII of HK's Amended Complaint must be **GRANTED**.

### D. Count IX, Deception

Count IX of HK's Amended Complaint is a claim for deception under Indiana Code § 35-43-5-3.  Deception requires that a person "knowingly or intentionally make a false or misleading written statement with intent to obtain property" and HK's principal allegation parrots that statutory section.  For reasons similar to those stated above, the court finds that a firearm product itself is not a *written statement*.  Accordingly, Defendants' motion to dismiss Count IX of HK's Amended Complaint is **GRANTED**.

## IV. Conclusion

For the reasons set forth above, the court **GRANTS** in part, and **DENIES** in part, Defendants' Motion to Dismiss Counts I and VI-IX (Docket # 15).  Specifically, the court **GRANTS** Defendants' Motion to Dismiss Counts VI-IX, and **DENIES** Defendants' Motion to Dismiss Count I.

**SO ORDERED** this  12th  day of March 2010

RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Stephen Arthur Gross
sgrosslaw@sbcglobal.net

Darlene R. Seymour
dseymour@ce-ip.com